## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MYRON RAGSDALE,

        Plaintiff,                     Case No.  2:18-cv-

v.                                     Hon.

CREDIT ACCEPTANCE CORPORATION,
a Michigan Corporation,

        Defendant.

_____

Charlotte Croson (P56589)
NACHTLAW, P.C.
*Attorneys for Plaintiff*
101 North Main St., Suite 555
Ann Arbor, MI  48104
(734) 663-7550
ccroson@nachtlaw.com
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, MYRON RAGSDALE, by and through his attorneys, NACHT LAW P.C., and states as follows:

## JURISDICTION AND PARTIES

1.    Plaintiff, MYRON RAGSDALE, is an individual residing in the City of Southfield, County of Oakland, State of Michigan, within the Eastern District of Michigan.

2. Defendant, CREDIT ACCEPTANCE CORPORATION, is a Michigan Corporation that does business in the Eastern District of Michigan.

3. This action arises under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.

4. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and 28 U.S.C.A. § 1343(a)(4) (jurisdiction over civil rights claims).

5. The facts and unlawful employment practices within the meaning of the FMLA giving rise to this Complaint occurred within the Eastern District of Michigan.

6. Defendant is an employer and Plaintiff was its employee at all relevant times within the meaning of the FMLA.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

8. Plaintiff was hired by Defendant on or about June 5, 2017 as a Repossession Supervisor.

9. At all times relevant hereto, Plaintiff performed his job diligently and with a high degree of competence.

10.    In December, 2017 and January, 2018 Plaintiff opposed Defendant's planned termination of an employee who had utilized FMLA leave.

11.    The employee was a direct report of Plaintiff and had recently taken FMLA leave.

12.    Plaintiff's direct supervisor was hostile toward the employee's use of FMLA leave.

13.    In or about December, 2017, Plaintiff's supervisor stated that if the employee attempted to invoke her FMLA leave for a recent absence, Defendant would terminate her.

14.    The employee was slated for termination on or about January 15, 2018.

15.    Plaintiff made a report to his Human Resources Coordinator stating that he believed the employee's pending termination was wrongful and that she was entitled to FMLA leave.

16.    After Plaintiff's report, the employee was not terminated.

17.    After Plaintiff's report, he was subjected to hostile, discriminatory and retaliatory acts by Defendant and/or its agents, servants, and/or employees including but not limited to:

     a.  Being moved to a new supervisor;

     b.  Being subject to an investigation based on a false allegations of wrongdoing;

18.     Plaintiff made two subsequent reports to Defendant that he believed he was being retaliated against because of his prior report to Human Resources opposing the employee's wrongful termination.

19.     After Plaintiff's reports, he was subjected to hostile, discriminatory and retaliatory acts by Defendant and/or its agents, servants, and/or employees including but not limited to:

    a.   Attribution of false statements to him;

    b.   Continuation of the retaliatory investigation;

    c.   Failing to investigate Plaintiff's complaints of retaliation;

    d.   Placing negative information into Plaintiff's Performance Discussion Log;

    e.   Threatening to lower his performance rating making and him ineligible for bonuses.

20.     Plaintiff made another report to Defendant that he was being retaliated against.

21.     After Plaintiff's report, he was subjected to hostile, discriminatory and retaliatory acts by Defendant and/or its agents, servants, and/or employees including but not limited to:

    a.   Lowered performance rating resulting in Plaintiff being ineligible for bonuses;

    b.   Being put on a final discipline thus removing him from bonus eligibility.

4

22.     Plaintiff made additional complaints of retaliation to Defendant including to the Director of Human Resources, counsel for Defendant, a "red tape" report, and a complaint to Lighthouse Ethics.

23.     After Plaintiff's reports, he was subjected to hostile, discriminatory and retaliatory acts by Defendant and/or its agents, servants, and/or employees including but not limited to termination on February 21, 2018.

24.     Defendant's proffered reason for Plaintiff's termination was pretextual.

## COUNT I

## DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FMLA

25.     Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

26.     Defendant terminated Plaintiff's employment due to his protected activity under the FMLA, to-wit: opposing conduct which was, or which he reasonably believed to be, unlawful conduct under the FMLA including, but not limited to, the planned termination of an employee who had utilized FMLA leave and his own complaints and reports of retaliation for engaging in protected activity.

27.     In terminating Plaintiff for his protected activity, Defendant violated Plaintiff's rights under the FMLA by discriminating and/or retaliating against him in violation of 29 U.S.C. § 2615.

28. But for Plaintiff's engagement in protected activity, Defendant would not have terminated him.

29. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

30. As a further direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff requests that this Court enter Judgment in favor of Plaintiff and against Defendant in whatever amount this Court deems reasonable, together with costs, interest and attorneys' fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

    a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the FMLA;

b.      Award Plaintiff all lost wages and benefits, past and future, to which he is entitled;

c.      Award Plaintiff appropriate equitable relief;

d.      Award Plaintiff compensatory damages;

e.      Award Plaintiff exemplary damages;

f.      Award Plaintiff punitive damages;

g.      Award Plaintiff reasonable attorney fees, costs and interest; and

h.      Award such other relief as this Court deems just and proper.

Respectfully submitted

NACHTLAW, P.C.

*/s/ Charlotte Croson*
Charlotte Croson (P56589)
Attorney for Plaintiff

Dated:  August 17, 2018

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MYRON RAGSDALE,

                Plaintiff,                        Case No.  2:18-cv-

v.                                        Hon.

CREDIT ACCEPTANCE CORPORATION,
a Michigan Corporation,

                Defendant.

---

Charlotte Croson (P56589)
NACHTLAW, P.C.
*Attorneys for Plaintiff*
101 North Main St., Suite 555
Ann Arbor, MI  48104
ccroson@nachtlaw.com

---

## JURY DEMAND

       NOW COMES Plaintiff, MYRON RAGSDALE, by and through his attorneys, NACHT LAW P.C., and hereby demands a trial by jury of the issues in the above-captioned cause of action.

                               Respectfully submitted

                               NACHTLAW, P.C.

                               */s/ Charlotte Croson*
                               Charlotte Croson (P56589)
Dated:  August 17, 2018             Attorney for Plaintiff