## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MYRON RAGSDALE,

        Plaintiff,

v.                                   Civil Action No. 2:18-cv-12581
                                     Honorable Victoria A. Roberts

CREDIT ACCEPTANCE
CORPORATION, a Michigan
corporation,

        Defendant.

---

### DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS AND COMPEL ARBITRATION

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(3) and (b)(6), and the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., Defendant Credit Acceptance moves to dismiss Plaintiff's Complaint or, in the alternative, stay proceedings and compel the arbitration of Plaintiff's claim. Plaintiff's lawsuit is barred by the parties' Alternative Dispute Resolution Agreement which requires Plaintiff to submit his claim to final and binding arbitration. Defendant's motion is supported by the attached brief and exhibits.

Pursuant to E.D. Mich. LR 7.1, on September 10, 2018, there was a conference between the attorneys for the parties in which Defendant's counsel explained the

nature of the motion and its legal basis. Plaintiff did not concur in the relief, necessitating this motion.

For the reasons stated in the accompanying brief, Credit Acceptance asks the Court to (1) dismiss Plaintiff's Complaint or, in the alternative, stay proceedings and compel arbitration, and (2) award Credit Acceptance its attorney's fees and costs incurred in bringing this motion.

Respectfully submitted,

NEMETH LAW, P.C.

By: s/ Susan D. Koval
       Susan D. Koval (P59297)
       Attorneys for Defendant
       200 Talon Centre Drive, Suite 200
       Detroit, MI  48207
       (313) 567-5921
       skoval@nemethlawpc.com

Dated:  September 11, 2018

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MYRON RAGSDALE,

            Plaintiff,

v.

                                     Civil Action No. 2:18-cv-12581

CREDIT ACCEPTANCE                      Honorable Victoria A. Roberts
CORPORATION, a Michigan
corporation,

            Defendant.

---

**BRIEF IN SUPORT OF DEFENDANT'S MOTION TO**
**DISMISS OR, IN THE ALTERNATIVE, STAY**
**<u>PROCEEDINGS AND COMPEL ARBITRATION</u>**

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ....................................................... ii

INDEX OF AUTHORITIES ............................................................. iiiii

INTRODUCTION .................................................................................... 1

STATEMENT OF RELEVANT FACTS ...................................................... 2

ARGUMENT ........................................................................................... 5

I.   THE FAA REQUIRES COURTS TO ENFORCE VALID AGREEMENTS
     TO ARBITRATE EMPLOYMENT-RELATED CLAIMS ................................5

II.  PLAINTIFF MUST ARBITRATE HIS CLAIM ......................................... 7

     A.  The Parties Entered Into A Valid Agreement To Arbitrate ............................ 7

     B.  Plaintiff's Claim Is Arbitrable ...................................................8

III. THIS COURT AND ANOTHER FEDERAL COURT RECENTLY
     ENFORCED CREDIT ACCEPTANCE'S ADR AGREEMENT AND ADR
     POLICY AND GRANTED MOTIONS TO DISMISS ...................................... 12

IV.  THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT OR,
     IN THE ALTERNATIVE, STAY THIS PROCEEDING AND
     COMPEL PLAINTIFF TO SUBMIT HIS CLAIM TO
     MANDATORY ARBITRATION ........................................................ 14

CONCLUSION ..................................................................................... 15

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Should Plaintiff's Complaint be dismissed because Plaintiff agreed to submit claims arising from his employment to arbitration?

   Defendant answers, "Yes."
   Plaintiff answers, "No."

2. In the alternative, should this Court stay proceedings and order Plaintiff to arbitrate his claim?

   Defendant answers, "Yes."
   Plaintiff answers, "No."

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)...........11

*Asplundh Tree Expert Co. v. Bates*, 71 F.3d 592 (6th Cir. 1995)............................6

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ......................................13

*Bhim v. Rent-A-Ctr., Inc.*, 655 F. Supp. 2d 1307 (S.D. Fla. 2009).........................13

*Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005)................13

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001)........................................6

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985)........................................6

*Fernandez v. Clear Channel Broad, Inc.*, 268 F. Supp. 2d 1365
  (S.D. Fla. 2003)..................................................................................................13

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ...............................13

*Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79 (2002) .........................................9

*Green v. Ameritech Corp.*, 200 F.3d 967 (6th Cir. 2000)........................................11

*Griffin v. Gutter Grate of Troy/Birmingham LLC,* 546 F. Supp. 2d 469
  (E.D. Mich. 2008) ................................................................................................8

*Hermiz v. Credit Acceptance Corp.*, No. 16-14089,
  2017 WL 2988258 (E.D. Mich. February 16, 2017) ....................................1, 12

*Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309 (11th Cir. 2002) ......................9

*Johnson v. Long John Silver's Restaurants, Inc.,* 320 F. Supp. 2d 656
  (M.D. Tenn. 2004) ..............................................................................................13

*Lim v. Offshore Specialty Fabricators, Inc.,* 404 F.3d 898 (5th Cir. 2005) ...........11

*McKinistry v. Valley Obstetrics-Gynecology Clinic, P.C.*,
428 Mich. 167 (1987).............................................................................................8

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,*
  473 U.S. 614 n.13 (1989)......................................................................................9

*Moore v. Ferrell Gas, Inc.*, 533 F. Supp. 2d 740 (W.D. Mich. 2008)............. 11, 14

*Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 F. 1 (1983) ....6, 9

*O'Neil v Hilton Head Hosp.*, 115 F.3d 272, 274 (4th Cir. 1997) ...................... 9, 10

*Pellow v. Daimler Chrysler Services North America, LLC,* No. 05-73815,
   2006 WL 2540947 (E.D. Mich. August 31, 2006) ..............................................13

*Poore v Caidan Mgmt. Co.*, No. 12-14487, 2013 WL 765301
   (E.D. Mich. February 28, 2013)..............................................................................9

*Rent-A-Center v. Jackson*, 561 U.S. 63 (2010)........................................................12

*Seawright v. American General Fin. Services, Inc.*, 507 F.3d 967
   (6th Cir. 2007)..........................................................................................................9

*TBI Investments, Inc. v. BrooAlexa, LLC*, 119 F. Supp. 3d 512
   (S.D. W.Va. 2015) ..................................................................................................11

*Volt Info. Scis., Inc. v. Bd. Of Tr. of the Leland Stanford Junior Univ.*,
   489 U.S. 468 (1989)................................................................................................13

*Vulpis v. Credit Acceptance Corp.*, No. 16-61200, 2016 WL 10932954
   (S.D. Fla. September 22, 2016)........................................................................ 1, 12

*Watson Wyatt & Co. v. SBC Holdings, Inc.,* 513 F.3d 646 (6th Cir. 2008) .............7

*Wilks v. Pep Boys*, 241 F. Supp. 2d 860 (M.D. Tenn. 2003)...................................13

**Statutes**

9 U.S.C. § 2 .................................................................................................... 2, 5, 6

9 U.S.C. § 3 ......................................................................................... 5, 6, 11, 14, 15

9 U.S.C. § 4 ........................................................................................................ 6, 14

9 U.S.C. §§ 3-4.........................................................................................................6

29 U.S.C. §§ 2615.......................................................................................... passim

iv

## **INTRODUCTION**

Plaintiff Myron Ragsdale, a former employee of Defendant Credit Acceptance who was terminated for dishonesty, alleges in this case that the termination of his employment violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. [Ex.1; Complaint] However, Plaintiff's lawsuit is barred by the parties' Alternative Dispute Resolution Agreement ("ADR Agreement"). [Ex.2]

The ADR Agreement requires Plaintiff to resolve claims arising from his employment or termination of employment ─ including FMLA claims ─ using the procedures set forth in Credit Acceptance's ADR Policy and Procedure ("ADR Policy"). [Ex.3] The ADR Policy contains a three-step procedure for resolving disputes between Credit Acceptance and its employees. Step 3 of that process is arbitration. [Ex.3] Both the ADR Agreement and ADR Policy expressly bar Plaintiff from filing claims regarding his employment in court.

This Court recently enforced Credit Acceptance's ADR Agreement and ADR Policy, requiring the plaintiff in that case to arbitrate her FMLA and state law discrimination claims. *Hermiz v. Credit Acceptance Corp.*, No. 16-14089, 2017 WL 2988258 (E.D. Mich. February 16, 2017). [Ex.4] Likewise, another federal court in Florida examined Credit Acceptance's Agreement and ADR Policy, and required the plaintiff in that case to arbitrate her FMLA and state law discrimination claims.

*Vulpis v. Credit Acceptance Corp.*, No. 16-61200, 2016 WL 10932954 (S.D. Fla. September 22, 2016). [Ex.5].

Under the Federal Arbitration Act ("FAA"), the parties' ADR Agreement is "valid, irrevocable, and enforceable." 9 U.S.C. § 2. As shown below, the Court should dismiss Plaintiff's Complaint, or in the alternative, stay the proceedings and compel arbitration.

## STATEMENT OF RELEVANT FACTS

### *Plaintiff's Employment and the ADR Agreement*

On or about June 5, 2017, Plaintiff began his employment with Credit Acceptance. Throughout Plaintiff's employment, Plaintiff and Credit Acceptance were bound to an ADR Agreement. In the ADR Agreement, Plaintiff agreed that "certain disputes arising out of or related to my employment . . . or the termination of that employment . . . shall be resolved exclusively through the Company's" ADR Policy "which includes a final and binding arbitration procedure." [Ex.2; ¶ 1]

Defendant's ADR Policy uses a three step procedure for resolving "covered claims." These steps are negotiation (Step 1), mediation (Step 2), and final and binding arbitration (Step 3). [Ex. 3; Sections III-V] The ADR Policy broadly defines "covered claims" to include "disciplinary action" and "termination" that are alleged to violate "federal, state, or local civil rights laws, fair employment laws, . . . laws

2

against discrimination, . . . laws in regards to employment benefits or protections, family and medical leave laws, . . . the Family and Medical Leave Act . . . ." [Ex.3; Section I.B.1]

The ADR Policy's procedures are mandatory and exclusive. The ADR Agreement states that covered employment-related disputes "arising out of or related to my employment . . . or the termination of that employment . . . shall be resolved *exclusively*" through the ADR Policy which "is made a part hereof." [Ex.2; ¶ 1, emphasis added] Similarly, the ADR Policy provides that its dispute resolution procedures are the "*sole* and *exclusive* method" for resolving disputes "arising out of or related to your employment with the Company or the termination of that employment." [Ex.3; Section I.A, emphasis added] By entering into the ADR Agreement, the parties agreed that the ADR Policy "shall *mandatorily* apply and be the *sole* and *exclusive* method" for resolving covered "employment-related disputes." [Ex.3; Section XIV, emphasis added] The ADR Policy also provides that claims "not resolved in Steps 1 and 2 above, shall be resolved *solely* and *exclusively* through arbitration as provided herein." [Ex.3; Section V.A, emphasis added]

The ADR Agreement and ADR Policy expressly bar lawsuits over covered claims. The ADR Agreement further provides as follows: "I understand that by signing this Agreement I am waiving any right that I may have to a jury trial and/or

3

a court trial of such included employment-related disputes." [Ex. 2; ¶ 9] The ADR Policy similarly provides that "neither one of us will initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination) that is in any way related to any claim covered by this ADR Policy." [Ex.3; Section V.A] The ADR Policy also states: "Except as otherwise provided herein, no court or agency – whether federal, state, local or otherwise – shall have any jurisdiction to hear or resolve any claims covered by this" Policy. [Ex.3; Section V.D.1] The ADR Policy further provides: *"This policy waives any right that you or the Company may have to a jury trial or a court trial of any herein covered employment-related dispute."* [Ex. 3; Section IX, emphasis in original]

Notably, the ADR Policy gives exclusive jurisdiction to the arbitrator to resolve all disputes relating to the interpretation, application or formation of the Agreement. [Ex.3; Section V.D.1] Additionally, the ADR Policy incorporates the rules for arbitration of employment disputes of the American Arbitration Association ("AAA"). [Ex.3; Section V.B.1]

### *Plaintiff's Lawsuit*

Plaintiff alleges that on February 21, 2018, Credit Acceptance terminated his employment. [Ex.1; Complaint, ¶23] On August 21, 2018, in direct breach of the

ADR Agreement, Plaintiff brought this federal court action alleging violations of the FMLA (Count I). [Ex.1; Complaint]

***Defendant's Motion to Dismiss and/or Compel Arbitration***

Credit Acceptance now moves to dismiss Plaintiff's Complaint and/or compel arbitration. Under the parties' ADR Agreement, Plaintiff's claim must be resolved pursuant to the procedures of the ADR Policy, which culminate in final and binding arbitration. Under the FAA, this agreement to arbitrate is "valid, irrevocable, and enforceable." 9 U.S.C. § 2. As explained more fully below, the Court should dismiss Plaintiff's Complaint. Alternatively, the Court should stay this action pending arbitration. 9 U.S.C. § 3.

## ARGUMENT

## I.    THE FAA REQUIRES COURTS TO ENFORCE VALID AGREEMENTS TO ARBITRATE EMPLOYMENT-RELATED CLAIMS.

The FAA provides that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation

of any contract."[1] 9 U.S.C. § 2. The FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Asplundh Tree Expert Co. v. Bates*, 71 F.3d 592, 595 (6th Cir. 1995) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983)).

The provisions of the FAA are mandatory. See 9 U.S.C. §§ 3-4. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).

The FAA covers contracts of employment and may be used to compel arbitration of employment-related claims. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) (holding that only employment contracts of transportation workers are exempted from the FAA). In determining whether the parties agreed to arbitrate a particular dispute, a court must first decide whether a valid agreement to arbitrate exists. If a valid agreement to arbitrate exists, then the court must decide whether the

---

[1] The ADR Policy recognizes that Credit Acceptance "is engaged in transactions involving interstate commerce and that your employment involves such commerce." [Ex.3; Section VI]

specific dispute at issue falls within the scope of the agreement. *Watson Wyatt & Co. v. SBC Holdings, Inc.,* 513 F.3d 646, 649 (6th Cir. 2008).

## II.   PLAINTIFF MUST ARBITRATE HIS CLAIM.

### A.   The Parties Entered Into A Valid Agreement To Arbitrate.

In the ADR Agreement, Plaintiff "acknowledge[s] that I have received and will read" the ADR Policy and "become familiar with and abide by its terms." [Ex.2; ¶ 5] The ADR Agreement begins with the statement that **"This is a very significant Document"** and **"Read Carefully Before Signing."** [Ex.2; bold in original] It ends with bold, capitalized print above signature lines stating:

> **I HAVE READ AND UNDERSTAND EACH AND EVERY PROVISION OF THE FOREGOING AND VOLUNTARILY AND KNOWINGLY AGREE TO THE TERMS AND CONDITIONS OF THIS ADR AGREEMENT.**
> [Ex.2; bold in original]

The ADR Policy provides further that:

> Generally any and all claims covered by this ADR Policy and Procedure, not resolved in Steps 1 [Negotiation] and 2 [Mediation] above, shall be resolved solely and exclusively through arbitration as provided herein. Except as provided elsewhere in this ADR Policy and Procedure, neither one of us will initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination) that is in any way related to any claim covered by this ADR Policy and Procedure. Either party may compel arbitration pursuant to this ADR Policy and Procedure and may enforce any Arbitration Award made pursuant to the ADR Policy and Procedure in any court of competent jurisdiction. [Ex.3 at Section V]

Both Defendant and Plaintiff signed the ADR Agreement and are thus bound by it. *Griffin v. Gutter Grate of Troy/Birmingham LLC,* 546 F. Supp. 2d 469, 472 (E.D. Mich. 2008) (ordering arbitration and holding that "one who signs a contract is presumed to know its contents"); *McKinistry v. Valley Obstetrics-Gynecology Clinic, P.C.*, 428 Mich. 167, 184 (1987) ("Michigan law . . . presumes that one who signs a written agreement knows the nature of the instrument so executed and understands its contents").

### B.   Plaintiff's Claim Is Arbitrable.

In his Complaint, Plaintiff alleges that Credit Acceptance's conduct and termination of his employment violate the FMLA. [Ex.1; Complaint] The ADR Agreement requires use of the ADR Policy's dispute resolution procedures to resolve "disputes arising out of or related to my employment" with Credit Acceptance or the "termination of that employment" regarding disputes "more fully set forth in the attached" ADR Policy. [Ex.2; ¶s 1-2] The ADR Policy broadly defines "covered claims" to include alleged violations of "federal, state or local civil rights laws," "laws against discrimination," "laws in regards to employment benefits or protections," and "family and medical leave laws" such as "the Family and Medical Leave Act." [Ex.3; Section I.B] Unquestionably, the unambiguous terms of the ADR Agreement and ADR Policy apply to Plaintiff's FMLA claim.

8

Also, "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp,* 460 U.S. at 24-25. If a plaintiff's allegations "touch upon matters" covered by the arbitration agreement, then those claims must be arbitrated. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 625 n.13 (1989). The "parties must clearly express their intent to exclude categories of claims from their arbitration agreement." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1320 (11th Cir. 2002). These principles confirm that Plaintiff's FMLA claim is covered by the parties' ADR Agreement.

"[T]he party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2002). Plaintiff cannot meet this burden because courts have repeatedly upheld arbitration agreements covering employment related claims, including claims under the FMLA. *Seawright v. American General Fin. Services, Inc.*, 507 F.3d 967 (6th Cir. 2007) (enforcing agreement to arbitrate as to FMLA claim); *Poore v. Caidan Mgmt. Co.*, No. 12-14487, 2013 WL 765301, at *3 (E.D. Mich. February 28, 2013) (collecting cases that enforce agreements as to FMLA claims) [Ex.6]; *O'Neil v Hilton Head Hosp.*,

115 F.3d 272, 274 (4th Cir. 1997) ("Nothing in the language of the FMLA suggests that Congress wished to exempt disputes arising under it from the FAA").

The ADR Policy's dispute resolution procedures are mandatory and exclusive and bar Plaintiff from suing in court. The ADR Agreement mandates that covered employment-related disputes be resolved through use of the ADR Policy's procedures and that Plaintiff is "waiving any right that I may have to a jury trial or court trial of such included employment-related disputes." [Ex.2; ¶ 9] The ADR Policy includes all of the following plainly written terms:

- this ADR Policy is "the sole and exclusive method by which an employee ('you' or an equivalent personal pronoun) and the Company…are required to resolve the covered disputes arising out of or related to your employment with the Company or the termination of that employment…" [Ex.3; § I.A.]

- "…you and the Company agree that this ADR Policy and Procedure shall mandatorily apply and be the sole and exclusive method by which you and the Company are required to resolve the hereinbefore described employment-related disputes…" [Ex.3; § XIV]

- No court shall have any "jurisdiction to hear or resolve any claims covered by this" ADR Policy. [Ex.3; § V.D.1]

- "*This policy waives any right that you or the Company may have to a jury trial or a court trial of any herein covered employment-related dispute,*" and [Ex.3; § IX emphasis in original]

- "neither one of us will initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination) that is in any

10

way related to any claim covered by this ADR Policy and Procedure."
[Ex.3; § V.A.]

Because Plaintiff's claim is within the ADR Agreement's scope, and the procedures set forth in the ADR Policy are mandatory and exclusive, the most appropriate remedy is to dismiss the action. *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (dismissal appropriate when all claims are arbitrable); *Moore v. Ferrell Gas, Inc.*, 533 F. Supp. 2d 740, 751-52 (W.D. Mich. 2008); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (emphasis in original) ("the weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration").[2] Alternatively, this Court should stay the action and compel arbitration. 9 U.S.C. § 3.

---

[2] Courts have decided motions to dismiss based on the FAA under Rules 12(b)(1) (lack of jurisdiction), 12(b)(3) (improper venue), and 12(b)(6) (failure to state a claim upon which relief can be granted). *See, e.g., U.S. ex rel. TBI Investments, Inc. v. BrooAlexa, LLC*, 119 F. Supp. 3d 512 (S.D. W.Va. 2015) (citations omitted) ("the Court will treat the Motion under Rule 12(b)(1) as a factual attack on the Court's jurisdiction, 'apply the standard applicable to a motion for summary judgment,' and 'consider evidence outside the pleadings without converting the proceeding to one for summary judgment'"*); Lim v. Offshore Specialty Fabricators, Inc.,* 404 F.3d 898 (5th Cir. 2005) (finding that Rule 12(b)(3) is "a proper method for seeking dismissal based on a forum selection or arbitration clause"); *Moore*, 533 F. Supp. 2d at 744-45 (concluding that Rule 12(b)(6) was the most appropriate rule, but allowing defendant to proceed under Rule 12(b)(1), finding the distinction "immaterial" where both grounds required the arbitration of plaintiff's claims). Here, Defendant brings its motion pursuant to all of these rules.

### III.   THIS COURT AND ANOTHER FEDERAL COURT RECENTLY ENFORCED CREDIT ACCEPTANCE'S ADR AGREEMENT AND ADR POLICY AND GRANTED MOTIONS TO DISMISS.

This Court recently granted Credit Acceptance's motion to dismiss where the identical ADR Agreement and ADR Policy were at issue. The Court agreed with Credit Acceptance that the ADR Policy gives exclusive jurisdiction to the arbitrator to resolve all disputes relating to the interpretation, application or formation of the Agreement. [Ex.3; Section V.D.1] Applying the Supreme Court's decision in *Rent-A-Center v. Jackson*, 561 U.S. 63 (2010), the Court required the plaintiff in *Hermiz* to arbitrate her FMLA and state law discrimination claims. *Hermiz v. Credit Acceptance Corp.*, No. 16-14089, 2017 WL 2988258 (E.D. Mich. February 16, 2017). [Ex.4]

Credit Acceptance's ADR Agreement was also recently enforced in Florida, where the court required the plaintiff to arbitrate claims under the FMLA. *Vulpis v. Credit Acceptance Corp.*, No. 16-61200, 2016 WL 10932954 (S.D. Fla. September 22, 2016). [Ex.5] In *Vulpis*, the plaintiff, a former employee of Defendant, sued in federal court alleging violations of the FMLA and Florida's anti-discrimination statute.  On September 22, 2016, the federal district court compelled arbitration and enforced the ADR Agreement and ADR Policy, and rejected plaintiff's argument that the ADR Policy is unconscionable. The court found, in relevant part, as follows:

Moreover, it is well-settled that an arbitration agreement may limit the scope of discovery to less than what is available through the federal courts. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 31 (1991) (Arbitral discovery procedures "might not be as extensive as in federal courts, [but] by agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration" (internal quotation marks omitted); *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 344 (2011) ("Parties may agree to . . . arbitrate according to specific rules.") (citing *Volt Info. Scis., Inc. v. Bd. Of Tr. of the Leland Stanford Junior Univ.,* 489 U.S. 468, 479 (1989)); *Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359, 1378 (11th Cir. 2005) (holding arbitral agreement's requirement that depositions only be taken with leave of the arbitrator valid and "consistent with the goals of 'simplicity, informality, and expedition' touted by the Supreme Court in *Gilmer*.") In light of these considerations, courts regularly enforce arbitral agreements containing discovery provisions similar to the provisions Vulpis challenges. *See, e.g., Bhim v. Rent-A-Ctr., Inc.,* 655 F. Supp. 2d 1307, 1314 (S.D. Fla. 2009) (enforcing arbitration agreement limiting deposition to one individual and any expert witness and allowing for additional discovery with leave of arbitrator); *Fernandez v. Clear Channel Broad, Inc.,* 268 F. Supp. 2d 1365, 1368 (S.D. Fla. 2003) (enforcing arbitration agreement limiting depositions to three per side and permitting additional depositions upon showing of "good cause"); *Wilks v. Pep Boys*, 241 F. Supp. 2d 860, 864-65 (M.D. Tenn. 2003) (enforcing arbitration agreement limiting depositions to one per side and allowing for additional discovery with leave of arbitrator).[3]

---

[3] Federal district courts in the Sixth Circuit have agreed with this reasoning. *Wilks*, 241 F. Supp. 2d 864-865 (enforcing an arbitration agreement giving each party a right to depose experts and one other witness where the arbitrator could order additional depositions based on a showing of substantial need; the arbitration agreement used AAA rules); *Johnson v. Long John Silver's Restaurants, Inc.,* 320 F. Supp. 2d 656, 669 (M.D. Tenn. 2004) (same); s*ee also Pellow v. Daimler Chrysler Services North America, LLC*, No. 05-73815, 2006 WL 2540947 (E.D. Mich. August 31, 2006) (enforcing arbitration agreement limiting each side to two depositions unless the arbitrator orders otherwise). [Ex.7]

Similarly, here, the ADR Agreement and ADR Policy must be enforced and Plaintiff's Complaint must be dismissed.

## IV. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, STAY THIS PROCEEDING AND COMPEL PLAINTIFF TO SUBMIT HIS CLAIM TO MANDATORY ARBITRATION.

Section 3 of the FAA enables the Court to stay judicial proceedings when a valid arbitration provision governs the rights of the parties:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3.

The FAA further provides that a court, upon determining that a dispute is subject to arbitration, "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. However, a district court also may dismiss the pending action. *Moore*, 533 F. Supp. 2d at 751-52 (finding dismissal appropriate where all issues in a lawsuit are arbitrable).

The claim asserted by Plaintiff is subject to mandatory arbitration under the terms of the ADR Policy and the ADR Agreement. Accordingly, Plaintiff's claim

can, and should, be dismissed. In the alternative, the Court should stay the action and compel the arbitration of Plaintiff's employment-related claim. *See* 9 U.S.C. § 3.

## CONCLUSION

Plaintiff agreed to arbitrate claims arising out of his employment or termination of employment. Under the FAA, the ADR Agreement is entitled to enforcement. Plaintiff's claim should be dismissed. In the alternative, the Court should stay proceedings and compel arbitration.

Credit Acceptance's motion is based on well-established law, including recent federal court decisions that enforce the identical ADR Policy with respect to FMLA and state law discrimination claims. Under these circumstances, the Court should award Credit Acceptance its attorney fees and costs incurred in bringing this motion.

Respectfully submitted,

NEMETH LAW, P.C.

By: s/ Susan D. Koval
    Susan D. Koval (P59297)
    Attorneys for Defendant
    200 Talon Centre Drive, Suite 200
    Detroit, MI  48207
    (313) 567-5921
    skoval@nemethlawpc.com

Dated:  September 11, 2018

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on September 11, 2018, I served the foregoing papers (*Defendant's Motion to Dismiss and/or Compel Arbitration and Brief in Support*) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<div style="margin-left:40%">

s/ Susan D. Koval
Susan D. Koval (P59297)
NEMETH LAW, P.C.
Attorneys for Defendant
200 Talon Centre Drive, Suite 200
Detroit, MI  48207
(313) 567-5921
skoval@nemethlawpc.com
(P59297)

</div>